IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMR MOHSEN, | ) |
| Plaintiff(s), | ) No. C 09-2166 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| UNITED STATES, et al., | ) (Doc # 3 & 4) |
| Defendant(s). | ) |

Plaintiff, a federal prisoner currently incarcerated at the Federal Correctional Institution in Safford, Arizona, has filed a pro se complaint for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), alleging various wrongdoing on the part of federal employees and private individuals which he claims resulted in his unlawful arrest, prosecution and conviction. Plaintiff also invokes the court's diversity and supplemental jurisdiction under 28 U.S.C. §§ 1332 and 1367.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.     Legal Claims

In order to recover damages under 42 U.S.C. § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

When a plaintiff seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.

Although Heck involved a claim under § 1983, the Ninth Circuit has held that the rationale of Heck applies in cases brought under FTCA and Bivens.  See Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (Bivens).  Accordingly, because a judgment in favor of plaintiff here would necessarily imply the invalidity of his conviction, see, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck

2

barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him), and because said conviction has not already been invalidated, plaintiff's FTCA and Bivens claims must be dismissed without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

The same rationale applies to plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367 because, even if the claims accrued earlier under state law, "where the litigation would potentially force release of a prisoner, Heck imposes an additional requirement." Erlin, 364 F.3d at 1132.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).  The dismissal is without prejudice to reasserting the claims in a new complaint if a cause of actions later accrues.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see doc # 3 & 4) and close the file.

SO ORDERED.

DATED: Sept. 29, 2009

CHARLES R BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Mohsen, A3.dismissal.wpd

3